# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WELLS FARGO BANK, N.A., Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Pass-Through Certificates, Series 2004-C3,<br><br>Plaintiff,<br><br>v.<br><br>WALNUT EQUITY PARTNERS, LLC, TURNPIKE EQUITY PARTNERS, LLC, MILL EQUITY PARTNERS, LLC, GREAT EQUITY PARTNERS, LLC, NORTHWOODS EQUITY PARTNERS, LLC,<br><br>Defendants. | Civil Action No.: |

## VERIFIED COMPLAINT

This is an action by Wells Fargo Bank, N.A., Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Pass-Through Certificates, Series 2004-C3, ("Plaintiff" or "Lender") to establish and recover the indebtedness of the Defendants, jointly and severally, pursuant to the terms of a promissory note, mortgages, and a security agreement made and delivered by the Defendants evidencing and securing a loan by the Lender in the original principal amount of $62,500,000. Incidental thereto, the Lender seeks the appointment of a receiver to take control of the business and properties of the Defendants and to dispose of those properties to satisfy, in whole or in part, the indebtedness of the Defendants to the Lender.

BO1 15992784.10

## I.   <u>PARTIES, JURISDICTION AND VENUE</u>

1.      The Lender has a main office of business in Sioux Falls, South Dakota.

2.      Walnut Equity Partners, LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware and has a usual place of business at c/o Everest Partners, LLC, 150 East 58th Street, Suite 2000, New York, New York.

3.      Turnpike Equity Partners LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware and has a usual place of business at c/o Everest Partners, LLC, 150 East 58th Street, Suite 2000, New York, New York.

4.      Mill Equity Partners, LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware and has a usual place of business at c/o Everest Partners, LLC, 150 East 58th Street, Suite 2000, New York, New York.

5.      Great Equity Partners, LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware and has a usual place of business at c/o Everest Partners, LLC, 150 East 58th Street, Suite 2000, New York, New York.

6.      Northwoods Equity Partners, LLC is, upon information and belief, a limited liability company organized and existing under the laws of the State of Delaware and has a usual place of business at c/o Everest Partners, LLC, 150 East 58th Street, Suite 2000, New York, New York.

7.      This court may exercise subject matter jurisdiction because this is a suit between citizens of two different states and the amount in controversy exceeds the sum of $75,000. Venue is appropriate in this judicial district because the real property that secures the indebtedness of the Defendants to the Lender is located in this judicial district.

BO1 15992784.10

## II.  THE LENDER'S CLAIMS

### The Promissory Note and Mortgages

8.      On December 3, 2004, all of the Defendants executed and delivered to PNC Bank, N.A. ("PNC") a promissory note whereby the Defendants agreed, jointly and severally, to pay the sum of $62,500,000 in monthly installments of principal and interest.  Under the terms of the promissory note the entire principal balance and any unpaid interest and other charges was due and payable on January 1, 2010.  A copy of the note ("Note") is annexed hereto as **Exhibit A**.

9.      To secure the indebtedness of the Defendants to the Lender, each of the Defendants executed and delivered a Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing ("Mortgage") granting a first priority lien on the real and personal property of each of the Defendants located within the Commonwealth of Massachusetts.  The Mortgages are identical in all material respects.  A copy of the Mortgage executed by each of the Defendants is annexed hereto as **Exhibit B**, along with signature pages for each Defendant**.**

10.      On December 3, 2004, PNC executed an Assignment of Loan Documents for each of the properties, whereby it assigned the Note and Mortgages to Wells Fargo Bank, N.A., as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Pass-Through Certificates, Series 2004-C3.  The Assignments are identical in all material respects.  A copy of the Assignment of Loan Documents executed by PNC  is annexed hereto as **Exhibit C**.

### Properties

11.      Defendant Walnut Equity Partners, LLC, is the title holder to collateral property located at 125 Walnut Street, Watertown, Massachusetts (the "Watertown Property").

12.      Defendant Turnpike Equity Partners, LLC, is the title holder to collateral property located at 118 Turnpike Street, Southborough, Massachusetts (the "Southborough Property").

13.     Defendant Mill Equity Partners, LLC, is the title holder to collateral property located at 220 and 222 Mill Road and 25 Industrial Avenue, Chelmsford, Massachusetts (the "Chelmsford Property").

14.     Defendant Great Equity Partners, LLC, is the title holder to collateral property located at 289 Great Road, Acton, Massachusetts (the "Acton Property").

15.     Defendant Northwoods Equity Partners, LLC, is the title holder to collateral property located at 99 and 199 Rosewood Drive, Danvers, Massachusetts (the "Danvers Property").

### Lender's Rights Under the Relevant Documents

16.     Paragraph 6 of the Note provides that it is an event of default under the Note if the borrower fails to make any payments within five days of written notice of such failure, or fails to pay the entire outstanding principal balance with accrued and unpaid interest by the Maturity Date, or any default has occurred under "any of the Security Instruments and/or Other Security Documents" executed by Defendants. Paragraph 18 of the Mortgages provides that it is an event of default if the borrower is not paying debts as and when they become due. Paragraph 18 of the Mortgage further provides that it is an event of default if the mortgaged property becomes subject to any lien and that lien remains undischarged for a period of 30 days.

17.     Each Defendant also executed and delivered a collateral assignment of leases and rents ("the Rent Assignment") whereby Defendants assigned to Lender all of Defendants' rights and interests in any rents or leases of the mortgaged property. Paragraph 6 of the Rent Assignment provides as follows:

> Upon or at any time after an Event of Default, Lender may, at its
> option, without waiving such Event of Default, without notice and
> without regard to the adequacy of the security for the Debt: (i) in
> person or by agent, with or without bringing any action or

-4-

> proceeding, or by a receiver appointed by a court, take possession
> of the Mortgaged Property and have, hold, manage, lease and
> operate the Mortgaged Property on such terms and for such period
> of time as Lender may deem proper . . . .

A copy of the Rent Assignment is annexed here as **Exhibit D**, along with signature pages for each Defendant.

18.     Paragraph 20 of the Mortgages also provides that, in the event of a default, Lender is entitled to apply for the appointment of a trustee or receiver, without notice and without regard for the adequacy of the security or the solvency of Defendants.

## Related Litigation

19.     The Defendants are owned by KS-CBRE Shiraz, LLC ("Shiraz Company"), which entity is currently managed by KS Shiraz Manager, LLC (the "Shiraz Manager"). Shiraz Manager is owned and managed equally by Kambiz Shahbazi ("Shahbazi") and his business partner, Constantine Alexakos. Management and control of Shiraz Company is the subject of litigation in the Massachusetts Superior Court. In *CBRE Realty Finance Holdings LLC v. KS Shiraz Manager, LLC, et al.*, Suffolk Superior Court Civil Action No. 08-3728, it is alleged, among other things, that the defendant Shiraz Company has breached an agreement among the parties in that action, and the plaintiff CBRE Realty Holding LLC ("CBRE") is seeking, *inter alia*, to remove Shiraz Manager as the manager of Shiraz Company.

20.     On February 1, 2010, partial summary judgment entered in CBRE's favor on the issue of liability of the defendants for, among other things, breach of the parties' agreement (the "Breach"). *See* Memorandum and Order on the Plaintiff's Motion for Summary Judgment on Liability, annexed hereto at **Exhibit E**. The Breach qualifies as a "removal event" under the parties' agreement, entitling CBRE to remove Shiraz Manager as the manager of Shiraz Company. Shiraz, however, has refused to abide by that decision, continuing to manage the

property over the objection of CBRE.  As a result, control of the properties remains in dispute, leading to further deterioration in the value of the properties.

21.     Shahbazi also owns and/or controls another portfolio of properties in Massachusetts and New Hampshire.  The owners of those properties have defaulted on their obligations of more than $34,000,000 to LaSalle Bank, the predecessor to Bank of America, as trustee for other certificate holders.  See *LaSalle Bank, N.A. v. Billtech Equity Partners, LLC, et al.*, No. 09-CV-10942-EFH (D. Mass) ("the Billtech Litigation").

22.     The plaintiffs in the Billtech Litigation moved for the appointment of a receiver based on the same dispute over control described above.  This Court, upon review of the pleadings in the Billtech Litigation, found sufficient cause for the appointment of a receiver.

23.     The financial distress of the entities owned and/or controlled by Shahbazi is further reflected by the fact that Defendant Turnpike Equity Partners, LLC was recently sued by Jones Lang LaSalle Americas Inc. and an attachment of the property owned by Turnpike Equity Partners, LLC was granted by the court in the sum of $350,000.  That attachment, a copy of which is annexed hereto as **Exhibit F**, has not been discharged.

### Defendants' Default

24.     The loan matured on January 1, 2010, and on January 4, 2010, Lender, by its counsel, gave notice of maturity declaring the entire outstanding principal balance of the loan, together with all accrued unpaid interest, immediately due and payable.  Defendants have failed to cure their default and have failed to repay the entire indebtedness, which constitutes an event of default under §6(b) of the Note.

25.     In addition, the attachment obtained by Jones Lang constitutes an event of default under the Note and Mortgages.

BO1 15992784.10

26.     As of the date set forth below, the total amount due Lender is $59,659,733.26.

## COUNT I
### (For Breach of the Note)

27.     Plaintiff repeats and reavers paragraphs 1 through 26 as though fully set forth herein.

28.     Defendants have breached the terms of the Note and the Mortgages by failing to pay the principal balance and all accrued interest upon maturity.  Defendants have also breached the Note and the Mortgages by allowing and failing to discharge an attachment of the mortgaged property.

29.     By virtue of the foregoing, Defendants are jointly and severally liable to Lender in the amount of $59,659,733.26, together with interest and other charges and Lender's costs and attorneys' fees incurred in connection with Lender's enforcement of its rights and remedies.

## COUNT II
### (For The Appointment of the Receiver)

30.     Plaintiff repeats and reavers paragraphs 1 through 29 as though fully set forth herein.

31.     The Mortgages and Rent Assignments provide that Lender is entitled to the appointment of a receiver to manage, control and dispose of the mortgaged property in the event of a default by Defendants.  In addition, the conduct of Defendants, their deteriorating financial condition, and possible insolvency, warrant the appointment of a receiver.

32.     By virtue of the foregoing, Lender requests that this court appoint a receiver to exercise such powers and duties as this court may direct.

BO1 15992784.10

## III. <u>RELIEF REQUESTED</u>

WHEREFORE, the plaintiff Wells Fargo Bank, N.A., as trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Pass-Through Certificates, Series 2004-C3, demands:

1.      With respect to Count I, that the court establish the indebtedness of Defendants Walnut Equity Partners, LLC, Turnpike Equity Partners, LLC, Mill Equity Partners, LLC, Great Equity Partners, LLC, and Northwoods Equity Partners, LLC, to Lender in an amount to be determined and order the Defendants, jointly and severally, to pay such amount to Lender, together with interest, costs and attorneys' fees;

2.      That the court appoint John Ottenberg, Esquire or such other person as this court shall deem suitable, as the permanent receiver of the business and properties of Defendants with such powers and duties as this court shall determine; and

3.      That the court grant such other and further relief as it deems just and appropriate.

BO1 15992784.10

_Jeffrey Wiseman_
Director of J.E. Robert Company, Inc.


WELLS FARGO BANK, N.A.

By its attorneys,

/s/ Peter S. Brooks
Peter S. Brooks (BBO No. 058980)
Dawn Mertineit (BBO No. 669988)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Telephone:     (617) 946-4800
Telecopier:    (617) 946-4801
pbrooks@seyfarth.com

Dated:  February _18_, 2010

## VERIFICATION

Then personally appeared before me this _18_ day of February, 2010, the above-named Jeffrey Wiseman, by me known, who made oath that he has read the foregoing Verified Complaint and that the facts set forth therein are true of his own personal knowledge, except for such facts as are alleged to be based upon information and belief and that, as to those, he believes such facts to be true.

Notary Public
My Commission Expires:

State of New York )
                 )ss.
County of New York )

DANIEL MORSE
NOTARY PUBLIC, State of New York
No. 01MO6060856
Qualified in Queens County
Certificate Filed in New York County
Commission Expires July 2, 2066

-9-