UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., Trustee | ) | |
| for the registered holders of J.P. Morgan | ) | |
| Chase Commercial Mortgage | ) | |
| Securities Corp., Commercial Pass- | ) | |
| Through Certificates, Series 2004-C3, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 10-10287-PBS |
| | ) | |
| WALNUT EQUITY PARTNERS, LLC, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER**

March 17, 2010

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Wells Fargo Bank, N.A., Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Commercial Pass-Through Certificates, Series 2004-C3, ("Wells Fargo" or "plaintiff") is the successor-in-interest to the lender of a $62,500,000 loan ("Loan") that was made to the defendants, Walnut Equity Partners, LLC, Turnpike Equity Partners, LLC, Mill Equity Partners, LLC, Great Equity Partners, LLC and Northwoods Equity Partners LLC. By this action, Wells Fargo is seeking to establish and recover the outstanding debt owed by the defendants pursuant to the terms of a promissory note, mortgages and a security agreement evidencing and

securing the Loan.  Presently before the court is the "Plaintiff's Motion for Appointment of a Receiver" (Docket No. 6) by which Wells Fargo is seeking the appointment of a receiver, pursuant to Fed. R. Civ. P. 66 and 28 U.S.C. § 754, to take control of the defendants' business and properties and to dispose of those properties in order to satisfy, in whole or in part, the defendants' indebtedness to the plaintiff.  After consideration of the parties' submissions and their oral arguments,[1] the motion is ALLOWED.[2]  Attorney John C. Ottenberg of Boston, Massachusetts is hereby appointed as the receiver pursuant to the attached "Order Appointing Receiver," which has been agreed to by the parties.

## II.  DISCUSSION

Wells Fargo contends that the appointment of a receiver is warranted pursuant to the parties' contractual agreements and as a matter of equity.  This court agrees that consideration of both factors supports the plaintiff's request for relief.

### The Contractual Agreements

The record demonstrates that as collateral for the Loan, the defendants each executed and delivered a Mortgage, Security Agreement, Assignment of Leases and Rents and Fixture Filing ("Mortgage"), which provides Wells Fargo with a first priority lien on

---

[1]  During oral argument, the parties also addressed the concerns raised orally and in writing by KS Partners LLC ("KS Partners").  KS Partners was advised of the terms of the proposed Order Appointing Receiver, which was agreed to by the parties to the litigation, and did not submit any opposition.

[2]  Wells Fargo has also filed "Plaintiff's Motion for Leave to File Additional Documents in Support of its Motion for Appointment of a Receiver" (Docket No. 20).  That motion also is ALLOWED.

the real and personal property owned by the defendants in Massachusetts. (Verified Complaint ("Compl.") (Docket No. 1) ¶ 9). Paragraph 20 of the Mortgages provides in relevant part as follows:

> Upon the occurrence of any Event of Default, Lender may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Borrower and in and to the Mortgaged Property, including, without limitation, the following actions ... (vi) apply for the appointment of a trustee, receiver, liquidator or conservator of the Mortgaged Property, without notice and without regard for the adequacy of the security for the Debt or the solvency of Borrower, any Guarantor or of any person, firm or other entity liable for the payment of the Debt ....

(Compl., Ex. B ¶ 20). In addition, in connection with the Loan, each of the defendants executed and delivered an Assignment of Leases and Rents ("Rent Assignment").

(Compl. ¶ 17). Paragraph 6 of the Rent Assignment provides in relevant part:

> Upon or at any time after an Event of Default, Lender may, at its option, without waiving such Event of Default, without notice and without regard to the adequacy of the security for the Debt: (I) in person or by agent, with or without bringing any action or proceeding, or by a receiver appointed by a court, take possession of the Mortgaged Property and have, hold, manage, lease and operate the Mortgaged Property on such terms and for such period of time as Lender may deem proper....

(Compl., Ex. D ¶ 6). It is undisputed that an Event of Default has occurred, as that term is defined in the relevant agreements, as a result of the defendants' failure to repay the principal balance of the promissory note by the maturity date of January 1, 2010. (Compl. ¶ 24).

"The courts have consistently read such clauses to permit the appointment of a receiver."  United States v. Am. Nat'l Bank & Trust Co. of Chicago, 573 F. Supp. 1317, 1318 (N.D. Ill. 1983).  See also Garden Homes, Inc. v. United States, 207 F.2d 459, 459-60 (1st Cir. 1953) (upon *prima facie* evidence of default, court was empowered to appoint a receiver in accordance with the express terms of the mortgage); Fed. Nat'l Mortgage Ass'n v. Maple Creek Gardens, LLC, No. 09-14703, 2010 WL 374033, at *2-3 (E.D. Mich. Jan. 25, 2010) (slip op.) (finding that defendant's agreement in mortgage to the appointment of a receiver to take and maintain full control of mortgage property upon defendant's default "alone is sufficient to conclude that [plaintiff] is entitled to such appointment");  United States v. Mountain Vill. Co., 424 F. Supp. 822, 825 (D. Mass. 1976) (holding that "the plaintiff is entitled to the appointment of a receiver in accordance with the terms of the mortgage agreement").  Thus, under the express terms of the parties' agreements, Wells Fargo is entitled to obtain a court-appointed receiver to take possession of the defendants' property in Massachusetts and to "hold, manage, lease and operate" such property as deemed appropriate by Wells Fargo.

## **Equity Considerations**

This court also concludes that equity considerations further favor the appointment of a receiver in the instant case.  "Courts contemplating the appointment of a receiver have considered a number of factors but have found the adequacy of the security and the financial position of the mortgagor to be most important."  Fed. Nat'l Mortgage Ass'n, 2010 WL 374033, at *3, and cases cited.  See also Garden Homes v. United States, 200

4

F.2d 299, 301 (1st Cir. 1952) ("a receiver, even of rents and profits, will not generally be appointed on the application of a mortgagee in a suit to foreclose except upon a sufficient showing of two matters: (1) that the mortgaged property is inadequate security for the debt with interest and costs of suit, and (2) that the mortgagor or other person liable for the debt is insolvent, beyond the jurisdiction or in such doubtful financial standing that an execution against him for any deficiency would be unavailing.") (internal quotations omitted).  Additionally, the First Circuit has observed that "'to warrant the appointment of a receiver to manage and operate [mortgaged property ...], as well as only to collect [its] rents and profits, there must be at the least a 'sufficient showing' of something more than the inadequacy of the security and the doubtful financial standing of the debtor.'"  Chase Manhattan Bank, N.A. v. Turabo Shopping Ctr., Inc., 683 F.2d 25, 26 (1st Cir. 1982) (quoting Garden Homes, Inc., 200 F.2d at 301).  In evaluating whether there is "something more," courts have considered such factors as

> fraudulent conduct on the part of the defendant; imminent danger that property would be lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and the plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property.

Id. at 26-27 (quoting CFTC v. Comvest Trading Corp., 481 F. Supp. 438, 441 (D. Mass. 1979)).  See also Fed. Nat'l Mortgage Ass'n, 2010 WL 374033, at *3 (listing factors that courts consider in contemplating appointment of receiver under federal law).

Consideration of the relevant factors supports the appointment of a receiver in this matter. As an initial matter, the evidence indicates that the security is inadequate. Specifically, Wells Fargo has submitted uncontroverted affidavit testimony indicating that recent appraisals of the subject properties show that the properties are currently worth significantly less than the amount due to the plaintiff. (<u>See</u> Affidavit of Jeffrey Wiseman ¶ 4).[3] Additionally, the defendants do not dispute that they have not been able to cure the default and that they are incapable of satisfying their existing indebtedness to the plaintiff, which currently amounts to about $59,659,733. (<u>See</u> Compl. ¶¶ 24, 26). Therefore, the record indicates that the debtors' financial standing is in doubt and that "an execution against [them] for any deficiency could be unavailing." <u>Garden Homes</u>, 200 F.2d at 301 (internal quotations omitted).

With respect to the additional factors, Wells Fargo has established that the properties at issue are in substantial danger of being diminished in value. Specifically, the record indicates that the properties have been managed by KS Partners. (<u>See</u> Affidavit of Kambiz Shahbazi ¶¶ 3-4).[4] The principal of KS Partners, Kambiz Shahbazi, has been involved in protracted litigation with his business partners in state court.

---

[3] The Affidavit of Jeffrey Wiseman is attached to the Plaintiff's Memorandum in Support of its Motion for Appointment of a Receiver (Docket No. 7).

[4] The Affidavit of Kambiz Shahbazi is attached to the Response to Plaintiffs' Motion for Appointment of Receiver (Docket No. 21).

(Affidavit of Dawn Mertineit ¶¶ 4-5).[5]  This has resulted in a dispute over control of the management of the properties.  (Id. ¶ 4).  Just recently, on March 9, 2010, the state court entered an order the result of which was to remove KS Partners as the manager of the properties.  Therefore, no professional real estate management company is currently in place, and the properties are at risk of not being maintained and losing value.

In addition, Wells Fargo has shown that it is likely to succeed on the merits and that it faces the possibility of irreparable injury to its interests in the property if a receiver is not appointed.  As described above, the defendants do not dispute that they have defaulted on the loan, and that they are unable to pay the existing balance.  Furthermore, due to the recent removal of the property manager, Wells Fargo is likely to suffer a diminishment in the value of its collateral unless a receiver is appointed to maintain the properties and ensure that appropriate professionals are put in place pending the ultimate disposition of the properties.

Finally, at oral argument, the parties agreed that the appointment of a receiver would best serve the interests of Wells Fargo as well as the defendants because it would increase the potential for maximizing the return for investors.  For this reasons as well, this court finds that the plaintiff is entitled to the requested relief.

---

[5] The Affidavit of Dawn Mertineit is attached to the Plaintiff's Motion for Leave to File Additional Documents in Support of its Motion for Appointment of a Receiver (Docket No. 20).

## **ORDER**

For all the reasons set forth above, the "Plaintiff's Motion for Appointment of a Receiver is ALLOWED. Attorney John C. Ottenberg of Boston, Massachusetts is hereby appointed as the receiver pursuant to the attached "Order Appointing Receiver," which has been agreed to by the parties to this litigation.

                                                 / s / Judith Gail Dein
                                                 Judith Gail Dein
                                                 United States Magistrate Judge